UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEPHANIA DEL CAREMN VALLE OBANDO,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04221 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Proceeding pro se, Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE") or, in the alternative, a bond hearing. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Nicaragua, Petitioner entered the United States on December 21, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. 1 ¶ 23. After three days of detention, Petitioner was released from custody and provided a phone with a pre-downloaded application that she could use to periodically report to ICE when prompted. *Id*. Petitioner claims that she complied with all reporting requirements—a contention Respondents do not dispute. *Id*. She was re-detained by ICE on April 20, 2026 following completion of a short sentence for violation of Cal. Penal Code § 530.5(a), Unlawful Use of Personal Identifying Information. *See* Dkt. No. 7 at 8, 15.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14,

2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause. Petitioner has a clear liberty interest in her continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents, however, oppose the relief on two grounds. First, they contend that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) because she has been convicted of a crime involving theft. Dkt. No. 9 at 2–3. Second, they argue that Petitioner is subject to mandatory detention under § 1225(b)(2). *Id*. at 3–4. The Court rejects both of these arguments.

Section 1226(c)(1)(E) "amended [8 U.S.C.] § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Yesil v. Chestnut, et al.*, No. 1:26-CV-01758-DC-AC, 2026 WL 834066, at *3 (E.D. Cal. Mar. 26, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, § 1226(c)(1)(E) states that detention is mandatory for any noncitizen who:

> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (E)(ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing **acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person**, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E) (emphasis added).

Respondents have cited no authority, and have made no textual argument, that Cal. Penal Code § 530.5(a)—which is a statute penalizing identity theft—can trigger § 1226(c)(1)(E). As one court in this district has already reasoned in considering application of § 1226(c)(1)(E) to Cal. Penal Code § 530.5(a), "a natural reading of [§ 1226(c)(1)(E)] suggests that only crimes expressly enumerated in the statute qualify for mandatory detention." *Rojas v. Chestnut*, No. 1:26-CV-03154-JLT-CDB, 2026 WL 1329741, at *3 (E.D. Cal. May 13, 2026). And as "[t]he first four enumerated crimes are all property-related offenses, and the last two crimes involve assault to a police officer and aggravated battery," identify theft does not appear to fall within § 1226(c)(1)(E)'s scope. *Id*. Indeed, cases that have dealt with theft-related arrests in the context of §1226(c)(1)(E) involve clear property offenses, but not identity theft, as was the case here. *C.f. Singh v. Wofford, et al.*, No. 1:26-CV-01161-KES-EPG, 2026 WL 972547, at *1–2 (E.D. Cal. Apr. 10, 2026) (dealing with an arrest for felony grand theft for receiving stolen property and possessing a stolen vehicle and finding that because petitioner's charges were dropped, he was not subject to mandatory detention under § 1226(c)(1)(E)); *Haryana-Sandhir v. Warden Golden State Annex, et al.*, No. 1:26-CV-00405-DJC-SCR, 2026 WL 221372, at *1–2 (E.D. Cal. Jan. 28, 2026) (dealing with an arrest for burglary and grand theft and denying injunctive relief because "these qualifying theft offenses plainly trigger[ ] the application of § 1226(c)(1)(E)(ii)").

The Court further rejects Respondent's arguments that Petitioner's detention is mandatory under § 1225(b)(2). Courts throughout this Circuit have found that § 1225(b)(2) does not apply to noncitizens, like Petitioner, who were previously detained and released by immigration authorities, and the Court finds the same here. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025).

However, though Petitioner's conviction does not support mandatory detention under § 1226(c)(1)(E), the Court finds that the appropriate remedy under these circumstances is a post-deprivation bond hearing rather than immediate release. The record shows that Petitioner may have violated the terms of her release following her conviction. But the relevant question is whether the conviction constitutes changed circumstances that would justify an immigration judge revoking Petitioner's release. While "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] [may] have been impracticable and/or would have motivated [her] flight[,]" *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025), "allowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029, 1035 (N.D. Cal. July 17, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, in part. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days, or a later date upon Petitioner's request, at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if she is released. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present. Respondents shall file a status report attaching the Immigration Judge's order and findings upon completion of the hearing.

**IT IS SO ORDERED.**

Dated: August 3, 2026

EDWARD J. DAVILA
United States District Judge